# EXHIBIT A

NYSCEF

New York County Supreme Court

**Document List**

**Index #   153803/2025**

Created on:04/11/2025 11:10 AM

Case Caption:   **Keisha Waters v. BRIDGECREST CREDIT COMPANY, LLC**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT<br>SUMMONS; COMPLAINT  AND JURY DEMAND | Processed | 03/23/2025 | Ponder, B. |
| 2 | CONSENT TO EFILING<br>NOTICE OF ELECTRONIC FILING | Processed | 03/23/2025 | Ponder, B. |

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| KEISHA WATERS,<br><br>                                    Plaintiff,<br><br>               v.<br><br>BRIDGECREST CREDIT COMPANY, LLC,<br><br>                                    Defendant. | Index No.<br><br>**SUMMONS**<br><br>Date Index No. Purchased: |

To the above-named Defendants:

---

**BRIDGECREST CREDIT COMPANY, LLC**
c/o CORPORATION SERVICE COMPANY (Registered Agent)
80 STATE STREET
ALBANY, NY 12207

---

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is CPLR § 503(c) based on Plaintiffs' residence in New York County.

Dated: New York, New York
            March 23, 2025

Brian L. Ponder, Esq.
BRIAN PONDER LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFFS

Case 1:25-cv-03115-AT Document 1-1 Filed 04/15/25 Page 4 of 11

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

| | |
|---|---|
| KEISHA WATERS, <br><br> Plaintiff, <br><br> v. <br><br> BRIDGECREST CREDIT COMPANY, LLC, <br><br> Defendant. | Index No. <br><br> **COMPLAINT AND JURY DEMAND** |

## I. INTRODUCTION

Plaintiff KEISHA WATERS, by and through her undersigned counsel, alleges as follows:

## II. NATURE OF THE ACTION

1. This action is brought for damages, declaratory, and injunctive relief arising from false credit reporting, unlawful debt collection activity, and improper disposition of alleged collateral in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and Uniform Commercial Code ("UCC") Article 9, as adopted by New York.

## III. VENUE AND JURISDICTION

2. Venue is proper in New York County pursuant to CPLR § 503(a), as Defendant regularly conducts business in New York County, New York.

3. This Court has subject matter jurisdiction pursuant to CPLR § 301.

4. The amount in controversy exceeds the jurisdictional limits of all lower courts.

## IV. PARTIES

5. Plaintiff KEISHA WATERS ("Plaintiff" or "Ms. Waters") is a natural person.

6. Defendant BRIDGECREST CREDIT COMPANY, LLC ("Bridgecrest") is a foreign limited liability company, and it regularly conducts business throughout the State of New York, including, but not limited to, within New York County, New York, and registered with the New York Department of State Division of Corporations under ID #: 5199028

## V.    FACTUAL ALLEGATIONS

7. Plaintiff has never applied for or entered into any financing agreement, loan, or security agreement with Bridgecrest.

8. Nonetheless, Bridgecrest is reporting a derogatory tradeline to Equifax, Experian, and TransUnion under the name "Bridgecrest Credit C[,]' which falsely reflects that Plaintiff owes a balance related to an auto loan and that a repossession has occurred.

9. These false reports were identified in Plaintiff's myFICO 3-Bureau Credit Report dated December 15, 2024, where the tradeline appears in the "Negative Accounts" section.

10. The reported tradeline reflects: a. A balance owed; b. A repossession notation; c. A history of delinquencies and default.

11. Plaintiff has no knowledge of the alleged account and has never received or used a vehicle financed by Bridgecrest.

12. Plaintiff did not receive any notice of default, acceleration, repossession, or sale of any alleged collateral.

13. Plaintiff has not received any proceeds or accounting related to a sale or repossession of any vehicle.

14. Defendant has not provided any pre-sale notice of disposition of collateral in accordance with UCC §§ 9-611 and 9-613.

15. Defendant has not provided a post-sale notice of calculation of deficiency as required by UCC § 9-616.

16. Despite the lack of a lawful security interest or debtor-creditor relationship, Bridgecrest has acted as if Plaintiff is legally obligated on a debt.

Case 1:25-cv-03115-AT     Document 1-1     Filed 04/15/25     Page 6 of 11

17. Plaintiff has disputed the reporting with the consumer reporting agencies and/or directly with Bridgecrest.

18. Bridgecrest failed to conduct a reasonable investigation and continues to report the account inaccurately.

19. As a result of the false reporting, Plaintiff has suffered reduced credit scores, denial of personal and business credit, reputational harm, and emotional distress.

## VI.     CAUSES OF ACTION

**COUNT I: Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)**

20. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein verbatim.

21. Bridgecrest furnished inaccurate and false information concerning Plaintiff to consumer reporting agencies, including, but not necessarily limited to, Equifax, Experian, and TransUnion.

22. Plaintiff disputed the information with one or more consumer reporting agencies or with Bridgecrest directly.

23. Upon receiving notice of the dispute, Bridgecrest failed to conduct a lawful and reasonable reinvestigation.

24. Bridgecrest failed to delete or correct the inaccurate information.

25. Bridgecrest continued to report false and derogatory credit information with actual knowledge of its falsity or in reckless disregard of the truth.

26. Plaintiff has suffered actual damages, including credit denials and emotional distress, and is entitled to statutory and punitive damages, costs, and attorney's fees.

## COUNT II: Defamation

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein verbatim.

28. Bridgecrest published false and defamatory statements about Plaintiff to third parties, including consumer reporting agencies, by falsely asserting that Plaintiff was responsible for a delinquent auto loan account and a repossession.

29. These false statements were made without privilege or authorization and were not based on any legitimate or lawful debt obligation.

30. Bridgecrest made these statements with actual malice or willful intent to injure Plaintiff, as evidenced by its continued reporting of the derogatory tradeline after Plaintiff's disputes and without verifying any underlying debt.

31. As a direct and proximate result of Bridgecrest's false statements, Plaintiff has suffered harm to her reputation, loss of credit opportunities, financial harm, and emotional distress.

32. Pursuant to 15 U.S.C. § 1681h(e), this defamation claim is not preempted because the false information was furnished with malice or willful intent to injure.

## COUNT III: Violations of UCC §§ 9-611, 9-613, and 9-616

### (Wrongful Repossession and Collection)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein verbatim.

34. If any repossession occurred, which Plaintiff denies, Bridgecrest was required to provide a notification of disposition of collateral under UCC § 9-611.

35. Bridgecrest failed to send a timely and proper pre-sale notice as required under UCC § 9-613.

36. Bridgecrest failed to provide a post-sale accounting and explanation of deficiency as required by UCC § 9-616.

37. Bridgecrest lacked a lawful security interest and no enforceable contract existed giving it repossession rights.

38. The alleged repossession was unlawful and without legal justification.

39. Any effort by Bridgecrest to collect a deficiency balance was and continues to be unlawful under the UCC.

40. Plaintiff is entitled to damages, injunctive relief, and cancellation of any deficiency or adverse tradeline resulting from Bridgecrest's unlawful conduct.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Declaratory judgment that Plaintiff owes no obligation to Bridgecrest;

B. Injunctive relief requiring Bridgecrest to delete the tradeline from Plaintiff's credit reports and cease further collection efforts;

C. Actual damages, including economic loss and emotional distress;

D. Statutory damages and punitive damages under the FCRA;

E. Damages under UCC Article 9 for unlawful repossession and failure to provide required notices;

F. Attorney's fees and costs of suit; and

G. Such other and further relief as the Court may deem just and proper.

## VIII.    JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: New York, New York
March 23, 2025

Brian L. Ponder, Esq.
BRIAN PONDER LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (646) 450-9461 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFFS

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**
-------------------------------------------------------------------x

Plaintiff/Petitioner,

- against -                                                                Index No.

Defendant/Respondent.
-------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **<u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

6/6/18 EFM-1

Case 1:25-cv-03115-AT   Document 1-1   Filed 04/15/25   Page 11 of 11

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: _____

Name                                          Address

Firm Name

                                              Phone

                          _____
                                              E-Mail

To:   _____

      _____

      _____

Index  #                    Page 2 of 2                    6/6/18   EFM-1